UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JA'QUEL J. JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC<br><br>        Defendant. | Case No. 2:20-cv-02316 |

**NOW COMES** JA'QUEL J. JOHNSON, by and through her undersigned counsel, complaining of Defendant MERCANTILE ADJUSTMENT BUREAU, LLC, as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.  JA'QUEL J. JOHNSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.  MERCANTILE ADJUSTMENT, BUREAU, LLC ("Defendant") maintains its principal place of business at 165 Lawrence Bell Drive, Williamsville, New York 14221.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

8. During the course of her studies, Plaintiff rented a textbook and failed to return the textbook resulting in an alleged collection amount of $150 (the "subject debt").

9. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

10. Upon information and belief the subject debt was assigned to Defendant for collection.

11. On or around July or August 2020, Plaintiff started to receive phone calls from Defendant to her cellular phone.

12. Shortly after Defendant's calls began, Plaintiff answered a call in an effort to determine the reason for Defendant's calls.

13. Plaintiff determined Defendant was calling attempting to collect the subject debt.

14. In September 2020, Plaintiff advised Defendant that she would call when she was ready to pay the debt and requested that Defendant stop calling her.

15. During this same phone call, and immediately after Plaintiff requested that the phone calls stop, Defendant's representative asked if Defendant could call again on the coming Friday.

16. Plaintiff answered Defendant in the negative and advised yet again that she would call when she was able to pay the subject debt.

17. Defendant continued to place calls to Plaintiff despite Plaintiff's request that the calls cease.

18. In late October 2020, Plaintiff returned a phone call to Defendant.

19. When she returned the call to Defendant, she was asked to provide her social security number.

20. Uncomfortable with providing this information, Plaintiff refused, to which Defendant's agent stated that they could not discuss the matter with her.

21. At this point, Plaintiff again requested that the calls cease and ended the call.

22. Despite Plaintiff's request that Defendant cease its harassing collection calls, Defendant continued to place collection calls to Plaintiff's cellular phone.

23. Defendant's phone calls were placed from various numbers, including but not limited to (877) 254-0957.

24. In total, Defendant has placed no less than 20 harassing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

## **DAMAGES**

25. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

26. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; diminished value and functionality of her cellular phone; the loss of battery charge; and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

27.     Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

28.     Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

a. **Violations of FDCPA §1692c**

29.     Pursuant to §1692c of the FDCPA, a debt collector is prohibited from communication with the consumer generally without the prior consent of the consumer given directly to the debt collector or the express permission of a court competent jurisdiction. A debt collector may not communicate with a consumer in connection with the collection of any debt: (1) at any unusual time or place or a time or place known or which be known to be inconvenient to the consumer.

30.     Defendant violated §1692c(1) when it placed numerous unwanted and unconsented to collection calls to Plaintiff after being told to stop contacting her.

31.     Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt at a time they knew was inconvenient (any time after Plaintiff's multiple stop calling requests) is a violation of §1692c(1) .

### b. Violations of FDCPA §1692d

32.   Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33.   § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34.   Defendant violated §§ 1692d and d(5) when it placed no less than 20 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

35.   Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

36.   Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Defendant knew Plaintiff no longer wished to be contacted on her cellular telephone.

37.   The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

38.   Plaintiff may enforce the provisions of 15 U.S.C.§§c(1), d and d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1)   any actual damage sustained by such person as a result of such failure;

(2)

5

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

    b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

    c.    Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    d.    Awarding any other relief as this Honorable Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 12, 2020                      Respectfully submitted,

                                                  JA'QUEL J. JOHNSON

                                                  By: /s/ *Victor T. Metroff*

                                                  Victor T. Metroff, Esq.
                                                  Mohammed O. Badwan, Esq.
                                                  *Counsel for Plaintiff*
                                                  Sulaiman Law Group, Ltd
                                                  2500 S Highland Ave, Suite 200
                                                  Lombard, IL 60148
                                                  (630) 575-8180
                                                  mbadwan@sulaimanlaw.com
                                                  vmetroff@sulaimanlaw.com